**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| Shannan Davis,<br><br>Plaintiff,<br><br>v.<br><br>USHealth Advisors, LLC<br><br>Defendant. | Case No. 8:25-cv-02779-CEH-AAS |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO**
**<u>DEFENDANT'S MOTION TO COMPEL ARBITRATION</u>**

## I. INTRODUCTION

Plaintiff Shannan Davis ("Davis") never visited or signed up at the website identified in Defendant USHealth Advisors, LLC's ("USHA") Motion to Compel Arbitration. As she explains in her attached declaration, Davis did not visit https://healthmarketadvisor.com/ on February 6, 2025. Further, she would not and could not have signed up at the time USHA claims she did. Therefore, there is a factual dispute over whether the arbitration agreement at issue was ever formed. At the least, Davis' sworn declaration presents a disputed issue of material fact that prevents this Court from compelling arbitration. Davis therefore requests that this Court stay merits proceedings in this case for 45 days to allow the parties to conduct

limited third-party discovery to determine if she in fact visited https://healthmarketadvisor.com/ on February 6, 2025.

## II. LEGAL STANDARD

"Before compelling arbitration, …a court must first be satisfied that the parties agreed to arbitrate." *Mitchell v. Apollo Interactive Ins. Sols. LLC*, No. 3:24-CV-643-BJD-LLL, 2024 WL 5328200, at *3 (M.D. Fla. Dec. 13, 2024), *report and recommendation adopted*, No. 3:24-CV-643-BJD-LLL, 2025 WL 901921 (M.D. Fla. Mar. 6, 2025) (citing 9 U.S.C. § 4). "The threshold question of whether an arbitration agreement exists…is simply a matter of contract. When determining whether an arbitration agreement exists, the Eleventh Circuit has adopted a 'summary judgment-like standard….'" *Mitchell*, 2024 WL 5328200, at *3 (internal citations omitted) (quoting *Bazemore v. Jefferson Cap. Sys., LLC*, 827 F.3d 1325, 1329, 1333 (11th Cir. 2016)).

"District courts may conclude that an arbitration agreement exists as a matter of law so long as there is no genuine dispute as to any material fact concerning the formation of such an agreement." *Exceen v. Ramirez*, 8:24-CV-00880-WFJ-AEP, 2024 WL 3327509, at *2 (M.D. Fla. June 13, 2024) (cleaned up). "[A]n issue is genuine,…when the evidence is such that a reasonable jury could return a verdict for the non-movant." *Mitchell*, 2024 WL 5328200, at *4 (internal quotation marks omitted). "To raise a genuine issue concerning the validity of the arbitration

agreement, Plaintiff must: (1) make an unequivocal denial that there was an agreement, and (2) produce evidence to substantiate the denial. Although the plaintiff does not need to prove that his or her purported signature is not authentic, the plaintiff must submit sufficient evidence to create a factual dispute." *Simon v. Nat'l Passenger Corp.*, No. 8:24-CV-2586-TPB-CPT, 2025 WL 326664, at *4 (M.D. Fla. Jan. 29, 2025) (internal citations omitted). "The determination of whether a valid arbitration agreement exists should be made with no presumption favoring arbitration." *Mitchell*, 2024 WL 5328200, at *4 (citing *Dasher v. RBC Bank (USA)*, 745 F.3d 1111, 1115-16 (11th Cir. 2014)).

## III. ARGUMENT

### There is a genuine dispute of material fact concerning the formation of the arbitration agreement at issue.

Plaintiff Davis disputes the existence of a valid arbitration agreement between her and USHA. To support her contention, she has submitted a sworn declaration stating that she did not visit the website at issue on February 6, 2025. *See* Exhibit A, Declaration of Shannan Davis. In addition, Davis states that she "had no reason to sign up to receive health insurance quotes on February 6, 2025 because [she] had health insurance through [her] employer at that time." *See* Ex. A ¶ 4. Further, she explains that she "could not have visited the website at 6:24 AM EDT on February 6, 2025, because [she] was driving to work at that time." *Id.* ¶ 5.

USHA concedes in its Motion to Compel that "[a] Plaintiff can raise a genuine issue of fact regarding the validity of an arbitration agreement by (1) making an unequivocal denial that there was an agreement, and (2) producing evidence to substantiate the denial." Doc. 16, at 14 n.4 (quoting *Hilton v. Fluent*, 297 F. Supp. 3d 1337, 1341 (S.D. Fla. 2018) (citation and internal quotations omitted)).

And this Court recently addressed this exact issue, finding that a plaintiff's sworn declaration that denied entering into an arbitration agreement was enough to raise a genuine factual dispute. In *Mitchell v. Apollo Interactive Insurance Solutions LLC*, the defendant moved to compel arbitration and submitted a playback video, along with a declaration from one of its employees, alleging that the plaintiff agreed to arbitration of his TCPA claims. 2024 WL 5328200, at *2. Plaintiff, in turn, submitted his own declaration stating "that he never visited [the website at issue] prior to bringing this cause of action, much less that he signed an arbitration agreement." *Id.* at *4. The Court held that "[b]ecause plaintiff unequivocally denies signing the arbitration agreement; provided factual support for this denial; and a reasonable jury could find plaintiff did not enter an arbitration agreement with defendant, I find that genuine issue of material fact exists as to whether a valid arbitration agreement was entered into by the parties." *Id.*

Further, this Court and the Eleventh Circuit have consistently found that a sworn declaration submitted by a plaintiff is enough to raise a genuine factual dispute

as to the formation of an arbitration agreement. *See Pruett v. Pacifica Augustine Rd. LLC*, No. 3:16-CV-1476-J-39JBT, 2017 WL 11049629, at *6 (M.D. Fla. Mar. 2, 2017), *report and recommendation adopted*, No. 3:16-CV-1476-J-39JBT, 2017 WL 11049628 (M.D. Fla. May 17, 2017) ("Viewing all reasonable inferences in Plaintiff's favor, as the Court must at this stage, a reasonable factfinder could find"—based on the contrasting declarations submitted by both parties—that plaintiff did not agree to arbitrate the dispute at issue); *Simon*, 2025 WL 326664, at *4 (holding that if plaintiff had submitted "affirmative evidence, such as an affidavit, to create a factual dispute" the court would have found there was a genuine factual dispute as to the formation of the arbitration agreement); *Bazemore*, 827 F.3d at 1334 (finding that evidence like, "for example, submit[ing] an affidavit swearing under oath that [plaintiff] never received the [arbitration agreement] referenced in Mr. Ryan's declaration" would be enough to create a factual dispute as to the existence of a valid agreement).

Like the plaintiff in *Mitchell*, Davis unequivocally denies signing any arbitration agreement, and provides evidence that she did not visit the website at issue. Because of this, Davis has shown that there exists a genuine factual dispute as to whether she agreed to arbitrate the claims at issue. Therefore, Davis requests that this Court stay the proceedings 45 days to allow her and USHA to conduct third-party discovery on the issue. *See Bradshaw Constr. Corp. v. Underwriters at Lloyd's,*

*London*, 108 F.Supp. 3d 1287, 1290 (S.D. Fla. 2015) (allowing limited discovery on issue of whether the parties entered into an agreement to arbitrate).

Specifically, Davis will subpoena Verizon to identify the subscriber that was assigned the IP address 174.211.176.105 on February 6, 2025. The declaration in support of USHA's motion states that 174.211.176.105 was the IP address of the user who submitted the information on https://healthmarketadvisor.com/ on February 6. *See* Doc. 17, at p. 2. This IP address belongs to Verizon. Granting this limited discovery will allow the Court to determine whether it was in fact Davis who visited the website on February 6, and whether a valid arbitration agreement was formed. There should be no need for an evidentiary hearing on the issue.

Lastly, Davis would like to share some background about where this lead originated. USHA received this "lead" from Digital Medial Solutions ("DMS"). *Id.* at p. 1-3. DMS is notorious for generating phony leads and spamming consumers:

1. In the last six years, DMS has been sued 35 separate times in federal court for violations of the Telephone Consumer Protection Act.
2. Three months ago, the Federal Trade Commission sued a telephone spammer who "purchased the vast majority of their leads… from lead generators Fluent, Inc. and Digital Media Solutions." *United States of America v. Citizens Disability LLC,* No. 1:25-cv-12826 [Doc. 1] ¶ 13 (D.

Mass Sept. 30, 2025). The FTC explains how DMS generates its leads through "consent farm website[s]" that result in illegal leads. *Id.* ¶¶ 23-28.

3. The lead generation business in which DMS operates is infamously shady. The New York Attorney General investigated Fluent, Inc. (a similar lead generator) and found that "Fluent fabricated every single record of consent" involved in consumer advocacy campaigns, resulting in 3.6 million "faked consent[s]." *Fake Comments: How U.S. Companies & Partisans Hack Democracy to Undermine Your Voice*, https://ag.ny.gov/sites/default/files/reports/oag-fakecommentsreport.pdf, last accessed January 1, 2026.

4. In a TCPA case where DMS was the lead provider, a federal court recently ordered the parties "to conduct limited discovery on the existence of an agreement to arbitrate". *See Woodard v. SmartMatch Ins. Agency, LLC*, No. 23 CV 5246, 2024 WL 4252803, at *3 (N.D. Ill. Sept. 20, 2024). In that case, as here, the plaintiff "maintain[ed] that she never visited DMS's website, never entered her personal information, and never agreed to DMS's TOS." *Id.* In granting limited discovery, the court found that "Plaintiff's declaration is sufficient to satisfy her evidentiary burden at this stage of the litigation." *Id.* Plaintiff respectfully requests this Court do the same here.

## IV. CONCLUSION

Davis did not submit her information to https://healthmarketadvisor.com/. She already had health insurance—there was no need for her to apply for any. Furthermore, at the time of the alleged opt-in, she was in the middle of driving to work. The lead that DMS provided to USHA was fraudulent and does not represent a valid arbitration agreement between Davis and USHA. A subpoena to Verizon will establish this fact.

Davis does not seek prolonged discovery. Rather, Davis respectfully asks the Court for an order allowing 45 days of limited discovery for Davis to subpoena Verizon. Two weeks thereafter, Davis will submit her brief in opposition to USHA's Motion to Compel Arbitration.

DATED: January 2, 2026

Respectfully submitted,

/s/ *Reid Hudson*

Reid Hudson, *Pro Hac Vice*
The HQ Firm, P.C.
7533 S. Center View Ct. #4424
West Jordan, UT 84084
385-440-4129
reid.hudson@thehqfirm.com

*Lead Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of this document was delivered on January 2, 2026 to Defendant USHealth Advisors, LLC via the CM/ECF system.

*/s/ Reid Hudson*
Reid Hudson